# IN THE UNITED STATES DISTRICT COURT FOR
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **KRISTI MILLER** <br> Plaintiff, <br> <br> v. <br> <br> **CRESCENT HOMES TENNESSEE, LLC** <br> Defendant. | NO. 3:18-cv-00267 <br> <br> JUDGE CAMPBELL <br> MAGISTRATE JUDGE BROWN |

## ORDER AND MEMORADUM OPINION

Pending before the Court is Crescent Homes Tennessee, LLC ("Defendant") Motion to Dismiss and Memorandum of Law (Doc. Nos. 7, 8), and Plaintiff has filed a response in opposition. (Doc. No. 10). For the reasons discussed below, Defendant's Motion to Dismiss is **GRANTED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Kristi Miller ("Plaintiff"), alleges she was a duly licensed by the State of Tennessee as an affiliate real estate broker with Parks Realty ("Parks") in Murfreesboro, Tennessee. (Doc. 1-2 ¶ 1). Plaintiff alleges she met with Bob Parks and Ron Benkert ("Benkert") of Crescent in February 2016 to establish a working relationship and have Plaintiff identify available existing property that had been subdivided and ready to build upon. (*Id.* ¶ 5). In March 2016, Plaintiff negotiated with seller on behalf of Crescent, and during the course of negotiations, the seller indicated that the maximum commission the seller could pay was 1.5% and Plaintiff agreed. (*Id.* ¶ 7). Plaintiff also agreed that in lieu of commission from Crescent, she would be the exclusive listing agent for the homes to be constructed by Crescent. (*Id.*).

Plaintiff alleges that during the month of April 2016, she did extensive work on behalf of Crescent in moving forward in the contract, and on April 25, 2016, the parties executed an agreement for the purchase of Primm Springs lots by Crescent. (*Id.* ¶ 8). Consistent with the parties' agreement, Crescent entered into four separate Exclusive Right to Sell Listing Agreements with Parks and Miller. (*Id.* ¶ 11). In the summer and fall of 2016, Plaintiff performed work on behalf of Crescent on all phases of the development and construction of homes in Primm Springs. (*Id.* ¶ 11). In February 2017, Plaintiff alleges Crescent unilaterally and without warning informed Parks that Crescent no longer wanted Plaintiff to act as listing agent. (*Id.* ¶ 13). Plaintiff informed Parks that she must be paid pursuant to the parties' Listing Agreements, which resulted in Crescent filing suit against Plaintiff on February 13, 2017; the action was subsequently dismissed. (*Id.* ¶ 14).

On February 20, 2018, Plaintiff filed an Amended Complaint in the Rutherford County Chancery Court. (Doc. No. 1-2). Plaintiff alleges that her particularized knowledge of the market was a trade secret within the meaning of the Tennessee Uniform Trade Secrets Act ("TUTSA") and Crescent misappropriated Plaintiff's expertise which resulted in Crescent's ability to successfully acquire, construct, and market the subdivision. (*Id.* ¶ 16). As a direct and proximate result of the misappropriation, Plaintiff asserts Crescent was unjustly enriched and Plaintiff was deprived of the value of the listing agreements that Crescent terminated. (*Id.* ¶ 17). Plaintiff further alleges she rendered substantial services to Crescent in furtherance of its development and construction of homes in Primm Springs and Lenox. (*Id.* ¶ 19). Plaintiff asserts because she is not a party to the Exclusive Listing Agreement nor an intended third party beneficiary, she is entitled to recover *quantum merit* for the value of services rendered by her to Crescent. (*Id.* ¶¶ 19-21).

Defendant removed Plaintiff's Amended Complaint to this Court on March 7, 2018, on the basis of diversity jurisdiction. (Doc. No. 1). On March 13, 2018, Defendant filed a Motion to Dismiss Plaintiff's Amended Complaint and argues Plaintiff lacks standing to bring suit against Defendant, and Plaintiff's claims for violations of TUTSA, unjust enrichment, and quantum merit fails as a matter of law. (Doc. No. 7).

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6), permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).[1] To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief. *Id*. at 1.

## III. ANALYSIS

### A. Standing

Tenn. Code Ann. § 62-13-102(3) defines "affiliate broker" as "any person engaged under contract by or on behalf of a licensed broker to participate in any activity included in subdivision (4)." The statute also defines "broker" as "any person who, for a fee, commission, finders fee or

---

[1] Neither party cites to the standard set forth in *Iqbal*, instead relying on older authority that addressed Rule 12(b)(6) motions. The Court will apply the standard set forth in *Iqbal*.

any other valuable consideration or with the intent or expectation of receiving a fee, commission, finders fee or any other valuable consideration from another, solicits, negotiates or attempts to solicit or negotiate the listing, sale, purchase, exchange, lease or option to buy, sell, rent or exchange for any real estate or of the improvements on the real estate…" Tenn. Code Ann. § 62-13-102(4). "An affiliate broker is still under the direction and control of a licensed broker and engaged by the broker to do his bidding." *Barden v. Roberts*, 1989 WL 28715, at *2 (Tenn. Ct. App. 1989). The Tennessee Court of Appeals has held "a real estate salesman[2] in the employ of a real estate broker ha[s] no right to maintain an action in h[er] own name against the broker's client for a commission." *Coldwell Banker-Hoffman Burke v. KRA Holdings*, 42 S.W.3d 868, 873 (Tenn. Ct. App. 2000) (citing *Turnblazer v. Smith*, 379 S.W.2d 772 (Tenn. 1964)).

Defendant argues Plaintiff attempts to characterize her Complaint as a Uniform Trade Secrets Act, unjust enrichment, and *quantum merit* action to avoid enforcement of the Tennessee Real Estate Broker License Act of 1973 ("TREBLA"), which prevents Plaintiff from asserting a claim or obtaining any recovery from Defendant. (Doc. No. 8 at 4). Under the statute, Plaintiff lacks standing to sue her broker's client to recover for services rendered to the client, in this case the Defendant. (*Id.* at 5). Because Plaintiff was an affiliate broker, not a broker, she was required to work "under contract by or on behalf of a licensed broker," and Plaintiff's claims should be dismissed for lack of standing. (*Id.* at 8) (citing Tenn. Code Ann. § 62-13-102(3)). While Plaintiff does not specifically respond to Defendant's standing argument, she asserts that the Complaint does not demand she be paid commissions, but rather that Defendant was unjustly enriched by the services she provided, thus entitling her to recover under the theory of *quantum merit.*

---

[2] The term "real estate salesman" was replaced with "affiliate broker" in statutory amendments, and the Tennessee Court of Appeals held there was no appreciable difference between the two terms. *See Barden*, 1989 WL 28715, at *2

4

The Court finds Plaintiff lacks standing and her claims must fail as a matter law. Under TREBLA, an affiliate broke does not have standing to sue a client directly when standing does not otherwise exist. *Burke*, 42 S.W.3d at 874. At all times relevant, Plaintiff was an affiliate broker as defined by T.C.A. § 62-13-102(3), and acted as an agent for Parks. (Doc. No. 1-2 ¶ 1). Plaintiff requests compensation for the services she rendered to Defendant on Parks behalf. (*Id.* ¶ 19). According to the statute, an affiliate broker is any person engaged under contract on behalf of a licensed broker to participate in activity with the intent of receiving a valuable consideration from another. Tenn. Code Ann. § 62-13-102(3-4). Plaintiff's Complaint seeks to recover valuable consideration for which she believes she is owed under the Listing Agreement. (Doc. No. 1-2 ¶¶ 12, 14, 19). The Court therefore holds that Plaintiff, as an affiliate broker, lacks the legal capacity to bring this action directly against Defendant, her broker's client.

### B. Claim for Violations of TUTSA

Defendant also argues Plaintiff's Complaint is devoid of factual allegations to support a claim under the TUTSA, and Plaintiff cannot establish that a Tennessee court has ever extended the TUTSA to apply to an affiliate real estate broker. (Doc. No. 8 at 9). Plaintiff argues determining whether information constitutes a trade secrets is a question of fact that should be determined after proof is presented. (Doc. No. 10 at 3-5).

"TUTSA creates a cause of action for the misappropriation of another's trade secrets." *Hamilton–Ryker Group, LLC v. Keymon,* 2010 WL 323057, at *14 (Tenn. Ct. App. Jan. 28, 2010). "TUTSA lists three requirements for information to be considered a trade secret: (1) the information must derive independent economic value from not being generally known, (2) others could obtain economic value from its disclosure or use, and (3) efforts have been made to maintain its secrecy." *Id.* (citing Tenn. Code Ann. § 47–25–1702(4)). "Under Tennessee law, the four

elements for misappropriation of a trade secret are: '(1) the existence of a trade secret; (2) communication of the trade secret to the defendant while in a position of trust and confidence; (3) defendant's use of the communicated information; and (4) resulting detriment to the plaintiff.'" *Wyndham Vacation Resorts, Inc. v. Timeshare Advocacy Intern., LLC,* 2013 WL 139204, at *4 (M.D. Tenn. Jan. 13, 2013) (quoting *Stratienko v. Cordis Corp.,* 429 F.3d 592, 600 (6th Cir. 2005)). "Under TUTSA, a plaintiff who successfully establishes that a defendant misappropriated a trade secret is entitled to injunctive relief and/or an award of damages." *J.T. Shannon Lumber Co., Inc. v. Barrett,* 2010 WL 3069818, at *3 (W.D. Tenn. 2010). However, "under Tennessee law[,] an employee's 'remembered information' and relationships with customers are not trade secrets." *PartyLite Gifts, Inc. v. Swiss Colony Occasions,* 246 Fed. Appx. 969, 973 (6th Cir. 2007) (citing, *B & L Corp. v. Thomas & Thorngren, Inc.,* 162 S.W.3d 189, 215 (Tenn. Ct. App. 2004)).

The Court finds Plaintiff fails to sufficiently plead the elements of trade secret misappropriation. In her Complaint, Plaintiff pleads "[her] particularized knowledge of the market was a trade secret . . .Crescent misappropriated [her] expertise, which resulted in Crescent's ability to successfully acquire, construct, and market the subdivision." (Doc. No. 1-2 ¶ 16). Plaintiff fails to plead with specificity the existence of a trade secret. Under the TUTSA, a trade secrets "means information, without regard to form, including, but not limited to, technical, nontechnical or financial data, a formula, pattern, compilation, program, device, method, technique, process, or plan…" Tenn. Code Ann. § 47–25–1702(4). Plaintiff only alleges Defendant misappropriated her expertise, which Tennessee has held is not a trade secret. *See ProductiveMD, LLC v. 4UMD, LLC*, 821 F. Supp. 2d 955, 961 (M.D. Tenn. 2011); *see also Melville Capital, LLC v. Tennessee Commerce Bank,* 2011 WL 6888476, at *6 (M.D. Tenn. 2011) (finding that plaintiff pleaded

specific facts for a trade secret by alleging it developed a process whereby its team of professionals reviews and analyzes life insurance policies, obtains and/or updates and analyzes life expectancy reports and other non-public information regarding a particular insured," it "creates a specialized and confidential comprehensive policy analysis, marketing package, and asset sale strategy" for the life insurance policies that it agrees to market and sell); *LifeLinc Anesthesia, PLLC v. Wolfe*, 2012 WL 13026748, at *2 (W.D. Tenn. 2012) (finding plaintiff pled sufficient facts for a trade secret by claiming defendant misappropriated plaintiff's customer lists, client identities, and personnel information, resulting in financial losses); *Beijing Fito Medical Co., Ltd. v. Wright Medical Technology, Inc.*, 2016 WL 502109, at *5 (W.D. Tenn. 2016) (finding defendant counterclaim plead sufficient facts for a trade secret by stating plaintiff took possession of the confidential technical drawings of defendant's product designs pursuant to the confidentiality provision and that plaintiff was in possession of the drawings); *ASF Logistics, LLC v. Cochran*, 2017 WL 3235858, at *3 (M.D. Tenn. 2017) (citing *Amarr Co. v. Depew*, 1996 WL 600330, at *4-5 (Tenn. Ct. App. 1996) (holding that items such as customer lists, credit information, pricing information, and profit and loss statements do not constitute confidential information entitled to "trade secret" protection). Because Plaintiff does not specifically plead the existence of a trade secret, as defined under the TUTSA, and her knowledge and expertise does not constitute a trade secret, Plaintiff fails to state a claim under the TUTSA.

### C. Claims for Unjust Enrichment and Quantum Merit[3]

Under Tennessee law, "[t]he elements of an unjust enrichment claim are: 1) [a] benefit conferred upon the defendant by the plaintiff; 2) appreciation by the defendant of such benefit; and 3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof. The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust." *Freeman Indus. v. Eastman Chem. Co.,* 172 S.W.3d 512, 525 (Tenn. 2005) (citations omitted) (quoting *Paschall's, Inc. v. Dozier,* 219 Tenn. 45, 407 S.W.2d 150, 155 (1966)). However, the equitable doctrine of *quantum merit* can be a basis for recovery only when there is "no existing, enforceable contract between the parties covering the same subject matter." *Reed's Track Hoe & Dozier Service v. Dwyer*, 2012 WL 6094127, at *3 n. 3 (Tenn. Ct. App. 2012) (quoting *Doe v. HCA Health Servs. of Tenn., Inc.,* 46 S .W.3d 191, 197–98 (Tenn. 2001)). "The theory of unjust enrichment is an *alternative* to [a] [p]laintiff's breach of contract claim." *Thompson v. American General Life and Acc. Ins. Co.*, 404 F. Supp. 2d 1023, 1029 (M.D. Tenn. 2005) (emphasis added).

Plaintiff's Complaint states she, "rendered substantial services to Crescent," "is entitled to recover in *quantum merit* for the value of the services rendered by her to Crescent," "Crescent has been unjustly enriched by Miller's services," and she "is entitled to recover the value of those benefits to Crescent." (Doc. No. 1-2 ¶¶ 19, 21). While Plaintiff states the elements for unjust enrichment, as the Court previously explained, *supra* III.A, an affiliate broker has no standing to

---

[3] "Actions brought upon theories of unjust enrichment, quasi contract, contracts implied in law, and quantum merit are essentially the same. Courts frequently employ the various terminology interchangeably to describe that class of implied obligations where, on the basis of justice and equity, the law will impose a contractual relationship between parties, regardless of their assent thereto." *Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755 n. 7 (Tenn. Ct. App. 2006) (citing *Paschall's, Inc. v. Dozier,* 219 Tenn. 45, 407 S.W.2d 150, 154 (1966)).

pursue an action against a broker's client for any valuable consideration for which she is owed. *Coldwell Banker-Hoffman Burke v. KRA Holdings*, 42 S.W. 3d 868 (Tenn. Ct. App. 2000); *see also* Tenn. Code Ann. § 62-13-312(b) (11). An affiliate broker "merely works for and is under the control of the [licensed] real estate broker ... [and] does not perform services for others for which [s]he may claim commission." *Turnblazer v. Smith*, 379 S.W.2d 772, 775 (Tenn. 1964). While Plaintiff does not seek commission, she seeks compensation for her services rendered on behalf of Parks Realty. (Doc. No. 1-2 ¶ 1, 12, 16); *see also Dickerson v. Sanderson Manufacturing Co.*, 658 S.W. 2d 535 (Tenn. Ct. App. 1983) (*overruled on other grounds*) (stating the TREBLA is broad covering almost all forms of compensation). Therefore, Plaintiff cannot state a claim for unjust enrichment against Defendant. *See Whitehaven Community Baptist Church v. Holloway,* 973 S.W.2d 592, 596 (Tenn. 1998) (stating "unjust enrichment is a quasi-contractual theory or is a contract implied-in-law in which a court may impose a *contractual* obligation where one does not exist.") (emphasis added).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Complaint fails to state a claim in which relief can be granted. Therefore, the Court **GRANTS** Defendant's Motion to Dismiss.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE